UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

OLDCASTLE INFRASTRUCTURE, INC.,
a Washington corporation,

        Plaintiff,

    vs.                                                          Civ. No. 22-211 DHU/GJF

GREEN-TANNER INDUSTRIAL
CONSTRUCTION, LLC, an Arizona
limited liability company; and LIBERTY
MUTUAL INSURANCE COMPANY, a
Massachusetts stock insurance company,

        Defendants.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court sua sponte following its review of the Complaint filed by Plaintiff on March 22, 2022. ECF 1. Plaintiff filed this action in federal court, citing diversity jurisdiction. *E.g.*, *id.* ¶ 5. The Court has a duty to determine *sua sponte* whether subject matter jurisdiction exists. *See Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." The burden of establishing diversity jurisdiction falls "on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

The Complaint alleges that Defendant "is an Arizona limited liability company" with its "principal place of business" in Arizona. ECF 1 at ¶ 2. But determining the citizenship of an

LLC is different from determining the citizenship of a corporation under § 1332. Although a corporation is considered a citizen of the state(s) in which it was incorporated and in which it maintains its principal place of business, an LLC is a citizen of each and every state in which *any member* is a citizen. *Compare* 28 U.S.C. § 1332(c), *with Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If Defendant Green-Tanner is indeed an LLC, the Complaint's deficiency lies in its failure to allege the citizenship of every LLC member.

>Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that
>
>In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
>**(A)** when the action is filed in or removed to federal court, and
>**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendant Green-Tanner has not filed such a disclosure statement, so the Court in unable to determine its citizenship.

Accordingly, the Court will give the parties an opportunity to file both an amended Complaint and a corporate disclosure statement to allege facts necessary to sustain diversity jurisdiction. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of

jurisdiction may be amended, upon terms, in the trial or appellate courts."). If Defendant Green-Tanner is not an LLC, it should instead file a notice clarifying what type of entity it is.

**IT IS THEREFORE ORDERED** that Plaintiff shall amend its Complaint to properly allege diversity jurisdiction—if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure—no later than May 12, 2023.

**IT IS FURTHER ORDERED** that Defendant Green-Tanner Industrial Construction, LLC, shall file a corporate disclosure statement that complies with Rule 7.1(a)(2) no later than May 12, 2023.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE